%JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Bill Baughman

**DEFENDANTS**
Flushing Township, Mike Gardner, Scott Minaudo, William Noecker, Mark Purkey

**(b)** County of Residence of First Listed Plaintiff   Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Genesee
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dean T. Yeotis, Law Offices of Dean T. Yeotis, 611 W. Court St., Flint, MI 48503
810.767.6100

Attorneys (If Known)
Michael W. Edmunds, Garan Lucow Miller, PC, 8332 Office Park Dr., Grand Blanc, MI 48439  810.695.3700

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability    ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability     Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability    ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle     Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability    ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment     Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations    ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment    ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities -    ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 USC 1983
Brief description of cause:
retaliation by employer for political activities

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
March 24, 2010

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?                  ☐ Yes
                                                                              ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


2.        Other than stated above, are there any pending or previously       ☐ Yes
          discontinued or dismissed companion cases in this or any other     ☒ No
          court, including state court? (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


   Notes :

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL BAUGHMAN,                              CASE NO:

     Plaintiff,                             JUDGE

v.

FLUSHING   TOWNSHIP,   MIKE
GARDNER,   SCOTT   MINAUDO,
WILLIAM   NOECKER   and   MARK
PURKEY, Jointly and Severally,

     Defendants.

_____

DEAN T. YEOTIS P41290
CHRISTINE WASSERMAN RATHE P53656
NANCY K. CHINONIS P73150
Law Offices of Dean T. Yeotis
Attorneys for Plaintiff
611 W. Court Street
Flint, Michigan 48503
(810) 767-6100

MICHAEL W. EDMUNDS P55748
Garan Lucow Miller, P.C.
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

_____

## NOTICE OF REMOVAL

     Defendants hereby give notice that they are removing case number 10-93057-CD

from the Genesee County Circuit Court to the United States District Court for the Eastern

District of Michigan, Southern Division, pursuant to 28 USC 1441, and state as follows:

    1.     Any civil action brought in a state court over which the District Courts for the

          United States have original jurisdiction founded on a claim arising under the

Constitution, treaties or laws of the United States may be removed by the Defendant to the District Court of the United States for the District and Division embracing the place where such action is pending, without regard to the citizenship or residence of the parties. 28 USC 1441(a), (b).

2.   Plaintiff has sued pursuant to 42 USC §1983, alleging a violation of his First Amendment Free Speech Rights.

3.   Thus, Plaintiff has asserted a claim which arises under the United States Constitution and under the law of the United States.

4.   Therefore, Defendants are entitled to removal of the case from state court to the United States District Court.

5.   Venue is appropriate in the Eastern District of Michigan, Southern Division, pursuant to 28 USC 1391.

6.   All Defendants concur in this request.

GARAN LUCOW MILLER, P.C.

Dated: March 24, 2010

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

BILL BAUGHMAN,

     Plaintiff,

v.

FLUSHING TOWNSHIP, MIKE
GARDNER, SCOTT MINAUDO,
WILLIAM NOECKER and MARK
PURKEY, Jointly and Severally,

     Defendants.

CASE NO: 10-93057-CD

JUDGE GEOFFREY NEITHERCUT P25466

---

DEAN T. YEOTIS P41290
CHRISTINE WASSERMAN RATHE P53656
NANCY K. CHINONIS P73150
Law Offices of Dean T. Yeotis
Attorneys for Plaintiff
611 W. Court Street
Flint, Michigan 48503
(810) 767-6100

MICHAEL W. EDMUNDS P55748
Garan Lucow Miller, P.C.
Attorney for Defendant
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

---

## DEFENDANTS' *AMENDED* ANSWER, RELIANCE UPON JURY DEMAND, AND NEW MATTER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, by and through their attorneys, GARAN LUCOW MILLER,

P.C., by MICHAEL W. EDMUNDS, and in answer to Plaintiff's Complaint, state as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff is a resident of the County of Genesee, State of Michigan.

**ANSWER**:

No contest.

2.     Defendant, Flushing Township, is a municipal corporation located in the County of Genesee, State of Michigan.

**ANSWER**:

Admitted.

3.     Defendants Mike Gardener, Scott Minardo (sic), William Noecker and Mark Purkey are all members of the Flushing Township Board of Trustees and are residents of the County of Genesee in the State of Michigan.

**ANSWER**:

Admitted.

4.     The claims which Plaintiff asserts in this case are:

   a.     violation of the Michigan Whistleblowers' Protection Act against all Defendants; and
   b.     a 42 USC §1983 First Amendment claim against all Defendants.

**ANSWER**:

Defendants concede that Plaintiff is asserting the referenced claims, but deny liability to the Plaintiff.

2

5.      The amount in controversy in this case exceeds twenty-five thousand dollars ($25,000.00).

**ANSWER**:

    Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      This Court has subject matter jurisdiction over this case based on the general subject matter jurisdiction provision of the Revised Judicature Act, MCL 600.605.

**ANSWER**:

    Admitted.

7.      This is a Court of proper venue for this action under MCR 600.1621 because this is the Court in the county in which Plaintiff resides.

**ANSWER**:

    Admitted.

## GENERAL ALLEGATIONS

8.      Plaintiff Bill Baughman was a Flushing Township Police Officer who began his employment with Defendant Flushing Township in April 1996.

**ANSWER**:

    Admitted.

3

9.     Plaintiff's employment with Defendant Flushing Township was terminated on or about November 13, 2009.

**ANSWER**:

    Denied.   Plaintiff was laid off on July 31, 2009.   The layoff was confirmed by resolution on November 13, 2009.


10.    During the entire tenure of his employment at Flushing Township, Plaintiff was an excellent employee.

**ANSWER**:

    Denied for the reason that it is untrue.


11.    In 2008, the Plaintiff participated in the recall election campaigns of the individual Defendant board members in this case.

**ANSWER**:

    Denied.  Defendants were not elected until November 2008.  The recall campaign was not initiated until approximately half-way through 2009.  Defendants admit that upon information and belief, Plaintiff participated in the recall campaigns, but believe that he did so in 2009, not 2008.


12.    Plaintiff's participation in the recall efforts identified in paragraph twelve included Plaintiff gathering petition signatures, distributing materials door-to-door, distributing yard signs and raising funds.

**ANSWER**:

    Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

4

13.     Previous to 2008, Plaintiff worked on the political campaigns of opponents of the individual Defendant board members in this case.

**ANSWER**:

Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14.     In the latter stages of his employment, the Plaintiff publicly criticized the individual Defendant board members for the way they conducted themselves.

**ANSWER**:

Defendants admit that Plaintiff was critical of Defendants during several Board Meetings.   Defendants do not recall when those Board Meetings took place. Defendants deny the allegation that Plaintiff was publicly critical of the way Defendants "conducted themselves" for the reason that to the best of the Defendants' recall, Plaintiff was only critical of Defendants' decisions, not their conduct.

15.     During his employment at Flushing Township Plaintiff observed certain employment related practices and some non-employment related practices that Defendants engaged in that Plaintiff reasonably and in good faith believe were violations of Michigan state law and/or regulations.

**ANSWER**:

Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Answering affirmatively, Defendants deny engaging in any practices that violated Michigan law or regulations.

5

16.   During the latter stages of his employment, Plaintiff reported suspected violations of Michigan state law and/or regulations to a public body.

**ANSWER**:

   Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Answering affirmatively, Plaintiff never notified Defendants that he had reported a suspected violation of law to a public body.

17.   On July 15, 2009 Officer Bill Baughman received notice that he was to be "laid off" effective July 31, 2009.

**ANSWER**:

   Defendants neither admit nor deny the allegation about when Plaintiff received notice of his layoff, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, but admit that it was to be effective July 31, 2009.

18.   On November 5, 2009 Flushing Township Supervisor Don Schwieman reinstated Officer Bill Baughman to his previous full-time employment.

**ANSWER**:

   Denied.  Defendants admit that Mr. Schwieman purported to reinstate Plaintiff to his previous employment, but deny that Schwieman's actions had the effect of actually reinstating Plaintiff's employment for the reason that Schwieman lacked the legal authority to reverse a motion that had previously been decided by the Board.

19.   On November 13, 2009 the Flushing Township Board of Trustees voted 4-3 not to honor the decision of Township Supervisor Don Schwieman to reinstate Bill Baughman to full employment which resulted in his termination which has continued

until the present time.

**ANSWER**:

> Denied.  Defendant Flushing Township laid off one full-time police officer in June 2009.  The union determined, pursuant to the collective bargaining agreement, that Plaintiff should be laid off.  The decision to layoff one full-time police officer, and to do so in accordance with the collective bargaining agreement, was reaffirmed by motion on November 12, 2009.  Plaintiff's employment with Flushing Township has never been terminated.

20.   Plaintiff was terminated from Defendant Flushing Township on or about November 13, 2009 because he reported suspected violations of Michigan state law and/or regulations to a public body.

**ANSWER**:

> Denied.  Plaintiff was laid off, not terminated, and it was for financial reasons, and based on the fact that Plaintiff had the least seniority.  The motion to which the Plaintiff is referring occurred on November 12, 2009, not November 13.  Moreover, the motion that caused Plaintiff to be laid off occurred in June 2009, not in November.

21.   In 2008 Plaintiff participated in a recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey.  Through this process Plaintiff expressed his disagreement with certain aspects of Defendants' conduct concerning matters of legitimate public concern.

**ANSWER**:

> Defendants admit, upon information and belief, that Plaintiff participated in a recall campaign against the individual Defendants, but believe that he did so in 2009, not 2008.  Defendants neither admit nor deny the balance of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22.    As a result of Plaintiff expressing himself regarding these matters of legitimate public concern, all Defendants took adverse action against Plaintiff in the terms and conditions of his employment at Flushing Township including "laying him off" and terminating him on or about November 13, 2009.

**ANSWER**:

Denied for the reason that it is untrue. Answering affirmatively, Plaintiff was laid off for financial reasons, and based on the fact that Plaintiff had the least seniority. The decision was made by the Township Board, not any individual Defendant. The Township speaks through its resolutions only. There is no individual liability for voting on a resolution as a member of a Municipal Board. As previously stated, the motion which led to Plaintiff's layoff occurred in June 2009, not in November; Plaintiff has never been terminated; and the November vote occurred on the 12th, not the 13th.

23.    All Defendants took adverse action against Plaintiff in the terms and conditions of his employment including laying him off and terminating him based on Plaintiff's participation in their recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey.

**ANSWER**:

Denied for the reasons stated in answer to paragraph 22.

24.    Based on Defendant's (sic) wrongful acts, Plaintiff has suffered past and future economic damages as well as post and future emotional distress damages. Plaintiff also seeks a statutory attorney fee award. Plaintiff also seeks punitive damages against the individual Defendants in this matter.

**ANSWER**:

Defendants neither admit nor deny the allegations about the nature and extent of Plaintiff's damages, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny that they caused Plaintiff's damages. Defendants deny that they are liable for any of Plaintiff's alleged damages.

8

## COUNT I
## VIOLATION OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT
## AGAINST ALL DEFENDANTS

25.     Plaintiff incorporates by reference paragraphs 1 through 24 above.

**ANSWER**:

    Defendants restate their answers to the previous allegations.

26.     During the latter stages of his employment, Plaintiff reported suspected violations of Michigan state law and/or regulations to a public body.

**ANSWER**:

    Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Answering affirmatively, Plaintiff never notified Defendants that he had reported a suspected violation of law to a public body.

27.     Defendant discharged Plaintiff, in substantial part, because Plaintiff reported Defendants' actions to a public body for suspected violations of the law.

**ANSWER**:

    Denied.  Plaintiff was laid off, not terminated, and it was for financial reasons, and based on the fact that Plaintiff had the least seniority.  Defendants merely decided to layoff one full-time police officer.  It was the union, pursuant to the collective bargaining agreement, which determined which police officer would be laid off.

9

28.    Therefore, all Defendants violated the Michigan Whistleblower Protection Act.

**ANSWER**:

  Denied.   Answering affirmatively, Defendants did not violate the Michigan Whistleblower Protection Act because Defendants were not terminated for reporting a suspected violation of law to a public body.  Moreover, the individual Defendants are not legally responsible for any Board decisions in which they participated as a Board Member, and therefore, did not violate Michigan Whistleblower Protection Act even if Plaintiff's other allegations are true.


## COUNT II
## 42 USC §1983 FIRST AMENDMENT CLAIM AGAINST ALL DEFENDANTS

29.    Plaintiff incorporates by reference paragraphs 1 through 28 above.

**ANSWER**:

  Defendants restate their answers to the previous allegations.




30.    Defendant Flushing Township was Plaintiff's employer from April of 1996 until November 13, 2009.

**ANSWER**:

  Denied in part.  Defendants admit that Flushing Township was Plaintiff's employer in April 1996.   Defendants deny that the Township was no longer Plaintiff's employer as of November 13, 2009, because Plaintiff is still employed by the Township.  He is simply laid off.  If he considers his employment to have ended when he was laid off, then his employment terminated at the end of July 2009, when the layoff notice became effective pursuant to the collective bargaining agreement.

31.     Plaintiff participated in a recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey in 2008 expressing his disagreement with certain aspects of Defendants' conduct concerning matters of legitimate public concern.

**ANSWER**:

Defendants admit, upon information and belief, that Plaintiff participated in a recall campaign against the individual Defendants, but believe that he did so in 2009, not 2008.  Defendants neither admit nor deny the balance of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

32.     In the latter stages of his employment, the Plaintiff publicly criticized the individual Defendants for their conduct.

**ANSWER**:

Defendants admit that Plaintiff was critical of Defendants during several Board Meetings.  Defendants do not recall when those Board Meetings took place. Defendants deny the allegation that Plaintiff was publicly critical of the way Defendants "conducted themselves" for the reason that to the best of the Defendants' recall, Plaintiff was only critical of Defendants' decisions, not their conduct.

33.     All Defendants took adverse action against Plaintiff in the terms and conditions of his employment at Flushing Township by "laying him off" and eventually terminating him on or about November 13, 2009 due to his expression of disagreement of certain matters of legitimate public concern.

**ANSWER**:

Denied for the reasons stated in answer to paragraph 22.

11

34.   All Defendants took adverse action against Plaintiff in the terms and conditions of his employment including laying him off and terminating him based on Plaintiff's participation in their recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey.

**ANSWER**:

Denied for the reasons stated in answer to paragraph 22.

35.   Accordingly, Plaintiff asserts a First Amendment claim against all Defendants based on Plaintiff's retaliatory termination.

**ANSWER**:

Defendants deny liability to the Plaintiff.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice, and that they be awarded their costs and attorney fees.

GARAN LUCOW MILLER, P.C.

Dated: 3·17·10

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

12

## RELIANCE UPON JURY DEMAND

NOW COME Defendants by and through their attorneys, GARAN LUCOW MILLER,

P.C., by MICHAEL W. EDMUNDS, and hereby relies on the jury demand previously filed.

GARAN LUCOW MILLER, P.C.

Dated: 3.17.10

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
810-695-3700

## NEW MATTER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, by and through their attorneys, GARAN LUCOW MILLER,

P.C., by MICHAEL W. EDMUNDS, and for their New Matter and Affirmative Defenses,

states as follows:

1. Plaintiff failed to mitigate his damages.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff may not recover damages for conduct which occurred more than three years before suit was filed, even if the suit itself is not barred by the statute of limitations, because there is no longer any "continuing violations doctrine" in Michigan.

4. The individual Defendants are not liable to Plaintiff for violating the Whistleblowers' Protection Act because Defendants were not "agents" of Defendant Flushing Township.

5. The individual Defendants are not liable to Plaintiff because the Board acts only through its resolutions.

13

6.    Defendants are not liable to Plaintiff because Defendants have governmental immunity for the claims asserted by the Plaintiff.

7.    The individual Defendants are not liable to Plaintiff because Defendants have qualified immunity for the claims asserted by the Plaintiff.

8.    The individual Defendants are not liable to Plaintiff because Defendants have legislative immunity for the claims asserted by the Plaintiff.

9.    Defendants did not violate the Whistleblowers' Protection Act because Plaintiff did not make his report to a "public body," as required by law.

10.    Defendants did not violate the Whistleblowers' Protection Act because Plaintiff did not report activity which he reasonably suspected to be a violation of Michigan law or regulations.

11.    Defendants did not violate the Whistleblowers' Protection Act because the Plaintiff's report of a suspected violation of Michigan law or regulations to a public body was not a substantial or motivating factor in the decision to lay off the Plaintiff.

12.    Defendants did not violate the Whistleblowers' Protection Act because Plaintiff would have been laid off anyway, had he not reported a suspected violation of Michigan law or regulations to a public body.

13.    Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Plaintiff's alleged speech were not a matter of public concern.

14.    Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Plaintiff's alleged speech was not a substantial or motivating factor in Defendant Flushing Township's decision to lay off the Plaintiff.

15.    Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Defendant Flushing Township would have laid Plaintiff off anyway, even in the absence of Plaintiff's alleged speech.

16.    Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Plaintiff's Free Speech Rights must defer to Defendant Flushing Township's right as an employer to layoff police officers, when required to do so for economic reasons, according to seniority.

17.    Defendant Flushing Township terminated Plaintiff's employment for bona fide economic reasons, which it was entitled to do under the law.

14

18.   Defendants reserve the right to amend or supplement this list of affirmative defenses.

GARAN LUCOW MILLER, P.C.

Dated: _3.17.10_

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
810-695-3700

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on _March 17, 2010_.

Delivery by:
☒ U.S. Mail                    ☐ Facsimile
☐ Hand Delivery          ☐ E-mail
☐ UPS Overnight          ☐ E-File (ECF)

MELISSA SMEARMAN, Notary Public
Genesee County, Michigan
Acting in the County of Genesee
My commission expires: 1/30/2013

15

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

BILL BAUGHMAN,

        Plaintiff,

v.

FLUSHING TOWNSHIP, MIKE
GARDNER, SCOTT MINAUDO,
WILLIAM NOECKER and MARK
PURKEY, Jointly and Severally,

        Defendants.

CASE NO: 10-93057-CD

JUDGE GEOFFREY NEITHERCUT P25466

---

DEAN T. YEOTIS P41290
CHRISTINE WASSERMAN RATHE P53656
NANCY K. CHINONIS P73150
Law Offices of Dean T. Yeotis
Attorneys for Plaintiff
611 W. Court Street
Flint, Michigan 48503
(810) 767-6100

MICHAEL W. EDMUNDS P55748
Garan Lucow Miller, P.C.
Attorney for Defendant
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

---

## DEFENDANTS' ANSWER, RELIANCE UPON JURY DEMAND, AND NEW MATTER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, by and through their attorneys, GARAN LUCOW MILLER,

P.C., by MICHAEL W. EDMUNDS, and in answer to Plaintiff's Complaint, state as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff is a resident of the County of Genesee, State of Michigan.

**ANSWER**:

        No contest.

2.     Defendant, Flushing Township, is a municipal corporation located in the County of Genesee, State of Michigan.

**ANSWER**:

        Admitted.

3.     Defendants Mike Gardener, Scott Minardo (sic), William Noecker and Mark Purkey are all members of the Flushing Township Board of Trustees and are residents of the County of Genesee in the State of Michigan.

**ANSWER**:

        Admitted.

4.     The claims which Plaintiff asserts in this case are:

        a.     violation of the Michigan Whistleblowers' Protection Act against all Defendants; and
        b.     a 42 USC §1983 First Amendment claim against all Defendants.

**ANSWER**:

        Defendants concedes that Plaintiff is asserting the referenced claims, but denies liability to the Plaintiff.

2

5.      The amount in controversy in this case exceeds twenty-five thousand dollars ($25,000.00).

**ANSWER**:

   Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      This Court has subject matter jurisdiction over this case based on the general subject matter jurisdiction provision of the Revised Judicature Act, MCL 600.605.

**ANSWER**:

   Admitted.

7.      This is a Court of proper venue for this action under MCR 600.1621 because this is the Court in the county in which Plaintiff resides.

**ANSWER**:

   Admitted.

## GENERAL ALLEGATIONS

8.      Plaintiff Bill Baughman was a Flushing Township Police Officer who began his employment with Defendant Flushing Township in April 1996.

**ANSWER**:

   Admitted.

3

9.     Plaintiff's employment with Defendant Flushing Township was terminated on or about November 13, 2009.

**ANSWER**:

Denied.   Plaintiff was laid off on July 31, 2009.   The layoff was confirmed by resolution on November 13, 2009.

10.     During the entire tenure of his employment at Flushing Township, Plaintiff was an excellent employee.

**ANSWER**:

Denied for the reason that it is untrue.

11.     In 2008, the Plaintiff participated in the recall election campaigns of the individual Defendant board members in this case.

**ANSWER**:

Admitted upon information and belief.

12.     Plaintiff's participation in the recall efforts identified in paragraph twelve included Plaintiff gathering petition signatures, distributing materials door-to-door, distributing yard signs and raising funds.

**ANSWER**:

Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

4

13.     Previous to 2008, Plaintiff worked on the political campaigns of opponents of the individual Defendant board members in this case.

**ANSWER**:

> Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14.     In the latter stages of his employment, the Plaintiff publicly criticized the individual Defendant board members for the way they conducted themselves.

**ANSWER**:

> Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     During his employment at Flushing Township Plaintiff observed certain employment related practices and some non-employment related practices that Defendants engaged in that Plaintiff reasonably and in good faith believe were violations of Michigan state law and/or regulations.

**ANSWER**:

> Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Answering affirmatively, Defendants deny engaging in any practices that violated Michigan law or regulations.

16.     During the latter stages of his employment, Plaintiff reported suspected violations of Michigan state law and/or regulations to a public body.

5

**ANSWER**:

Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Answering affirmatively, Plaintiff never notified Defendants that he had reported a suspected violation of law to a public body.

17.    On July 15, 2009 Officer Bill Baughman received notice that he was to be "laid off" effective July 31, 2009.

**ANSWER**:

Defendants neither admit nor deny the date that Plaintiff received notice of his layoff, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, but admit that it was to be effective July 31, 2009.

18.    On November 5, 2009 Flushing Township Supervisor Don Schwieman reinstated Officer Bill Baughman to his previous full-time employment.

**ANSWER**:

Denied. Defendants admit that Mr. Schwieman purported to reinstate Plaintiff to his previous employment, but deny that Schwieman's actions had the effect of actually reinstating Plaintiff's employment for the reason that Schwieman lacked the legal authority to reinstate someone who had been laid off by resolution of the entire Board, as the Plaintiff was.

19.    On November 13, 2009 the Flushing Township Board of Trustees voted 4-3 not to honor the decision of Township Supervisor Don Schwieman to reinstate Bill Baughman to full employment which resulted in his termination which has continued until the present time.

**ANSWER**:

6

Denied as stated.  The Flushing Township Board of Trustees did not vote against honoring the Township Supervisor's decision.  The Board of Trustees decided, by resolution, to follow Township policy and lay off police officers by seniority, which resulted in the termination of Plaintiff's employment.

20.    Plaintiff was terminated from Defendant Flushing Township on or about November 13, 2009 because he reported suspected violations of Michigan state law and/or regulations to a public body.

**ANSWER**:

Denied.  Plaintiff was laid off, not terminated, and it was for financial reasons, and based on the fact that Plaintiff had the least seniority.

21.    In 2008 Plaintiff participated in a recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey.  Through this process Plaintiff expressed his disagreement with certain aspects of Defendants' conduct concerning matters of legitimate public concern.

**ANSWER**:

Defendants admit, upon information and belief, that Plaintiff participated in a recall campaign against the individual Defendants in 2008.  Defendants neither admit nor deny the balance of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22.    As a result of Plaintiff expressing himself regarding these matters of legitimate public concern, all Defendants took adverse action against Plaintiff in the terms and conditions of his employment at Flushing Township including "laying him off" and terminating him on or about November 13, 2009.

7

**ANSWER**:

Denied for the reason that it is untrue.  Answering affirmatively, Plaintiff was laid off for financial reasons, and based on the fact that Plaintiff had the least seniority. Furthermore, decision was made by the Township Board, not any individual Defendant.  The Township speaks through its resolutions only.  There is no individual liability for voting on a resolution as a member of a Municipal Board.

23.   All Defendants took adverse action against Plaintiff in the terms and conditions of his employment including laying him off and terminating him based on Plaintiff's participation in their recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey.

**ANSWER**:

Denied for the reasons stated in answer to paragraph 22.

24.   Based on Defendant's (sic) wrongful acts, Plaintiff has suffered past and future economic damages as well as post and future emotional distress damages.  Plaintiff also seeks a statutory attorney fee award.  Plaintiff also seeks punitive damages against the individual Defendants in this matter.

**ANSWER**:

Defendants neither admit nor deny the allegations about the nature and extent of Plaintiff's damages, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants deny that it caused Plaintiff's damages.  Defendants deny that they are liable for any of Plaintiff's alleged damages.

<u>COUNT I</u>
<u>VIOLATION OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT</u>
<u>AGAINST ALL DEFENDANTS</u>

25.   Plaintiff incorporates by reference paragraphs 1 through 24 above.

**ANSWER**:

8

Defendants restate their answers to the previous allegations.

26.   During the latter stages of his employment, Plaintiff reported suspected violations of Michigan state law and/or regulations to a public body.

**ANSWER**:

Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Answering affirmatively, Plaintiff never notified Defendants that he had reported a suspected violation of law to a public body.

27.   Defendant discharged Plaintiff, in substantial part, because Plaintiff reported Defendants' actions to a public body for suspected violations of the law.

**ANSWER**:

Denied. Plaintiff was laid off, not terminated, and it was for financial reasons, and based on the fact that Plaintiff had the least seniority.

28.   Therefore, all Defendants violated the Michigan Whistleblower Protection Act.

**ANSWER**:

Denied. Answering affirmatively, Defendants did not violate the Michigan Whistleblower Protection Act because Defendants were not terminated for reporting a suspected violation of law to a public body. Moreover, the individual Defendants are not legally responsible for any Board decisions in which they participated as a Board Member, and therefore, did not violate Michigan Whistleblower Protection Act even if Plaintiff's other allegations are true.

9



## COUNT II
## 42 USC §1983 FIRST AMENDMENT CLAIM AGAINST ALL DEFENDANTS

29.     Plaintiff incorporates by reference paragraphs 1 through 28 above.

**ANSWER**:

Defendants restate their answers to the previous allegations.

30.     Defendant Flushing Township was Plaintiff's employer from April of 1996 until November 13, 2009.

**ANSWER**:

Admitted.

31.     Plaintiff participated in a recall campaign against Defendants Gardner, Minardo (sic), Noecker and Purkey in 2008 expressing his disagreement with certain aspects of Defendants' conduct concerning matters of legitimate public concern.

**ANSWER**:

Defendants admit, upon information and belief, that Plaintiff participated in a recall campaign against the individual Defendants in 2008.  Defendants neither admit nor deny the balance of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

32.     In the latter stages of his employment, the Plaintiff publicly criticized the individual
Defendants for their conduct.

**ANSWER**:

Defendants neither admit nor deny the allegations for lack of knowledge or
information sufficient to form a belief as to the truth of the allegations.

33.     All Defendants took adverse action against Plaintiff in the terms and conditions of
his employment at Flushing Township by "laying him off" and eventually terminating
him on or about November 13, 2009 due to his expression of disagreement of
certain matters of legitimate public concern.

**ANSWER**:

Denied for the reasons stated in answer to paragraph 22.

34.     All Defendants took adverse action against Plaintiff in the terms and conditions of
his employment including laying him off and terminating him based on Plaintiff's
participation in their recall campaign against Defendants Gardner, Minardo (sic),
Noecker and Purkey.

**ANSWER**:

Denied for the reasons stated in answer to paragraph 22.

11

35.   Accordingly, Plaintiff asserts a First Amendment claim against all Defendants based on Plaintiff's retaliatory termination.

**ANSWER**:

Defendants deny liability to the Plaintiff.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice, and that they be awarded their costs and attorney fees.

GARAN LUCOW MILLER, P.C.

Dated: 3/12/10

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

## RELIANCE UPON JURY DEMAND

NOW COME Defendants by and through their attorneys, GARAN LUCOW MILLER, P.C., by MICHAEL W. EDMUNDS, and hereby relies on the jury demand previously filed.

GARAN LUCOW MILLER, P.C.

Dated: 3/12/10

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
810-695-3700

12

## NEW MATTER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, by and through their attorneys, GARAN LUCOW MILLER, P.C., by MICHAEL W. EDMUNDS, and for their New Matter and Affirmative Defenses, states as follows:

1.    Plaintiff failed to mitigate his damages.

2.    Plaintiff's claims may be barred by the statute of limitations, including any contractual limitations on when suit must be filed.

3.    Plaintiff may not recover damages for conduct which occurred more than three years before suit was filed, even if the suit itself is not barred by the statute of limitations, because there is no longer any "continuing violations doctrine" in Michigan.

4.    The individual Defendants are not liable to Plaintiff for violating the Whistleblowers' Protection Act because Defendants were not "agents" of Defendant Flushing Township.

5.    The individual Defendants are not liable to Plaintiff because the Board acts only through its resolutions.

6.    Defendants are not liable to Plaintiff because Defendants have governmental immunity for the claims asserted by the Plaintiff.

7.    The individual Defendants are not liable to Plaintiff because Defendants have qualified immunity for the claims asserted by the Plaintiff.

8.    The individual Defendants are not liable to Plaintiff because Defendants have legislative immunity for the claims asserted by the Plaintiff.

9.    Defendants did not violate the Whistleblowers' Protection Act because Plaintiff did not make his report to a "public body," as required by law.

10.    Defendants did not violate the Whistleblowers' Protection Act because Plaintiff did not report activity which he reasonably suspected to be a violation of Michigan law or regulations.

11.   Defendants did not violate the Whistleblowers' Protection Act because the Plaintiff's report of a suspected violation of Michigan law or regulations to a public body was not a substantial or motivating factor in the decision to lay off the Plaintiff.

12.   Defendants did not violate the Whistleblowers' Protection Act because Plaintiff would have been laid off anyway, had he not reported a suspected violation of Michigan law or regulations to a public body.

13.   Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Plaintiff's alleged speech were not a matter of public concern.

14.   Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Plaintiff's alleged speech was not a substantial or motivating factor in Defendant Flushing Township's decision to lay off the Plaintiff.

15.   Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Defendant Flushing Township would have laid Plaintiff off anyway, even in the absence of Plaintiff's alleged speech.

16.   Defendants did not retaliate against Plaintiff for exercising First Amendment Free Speech Rights because Plaintiff's Free Speech Rights must defer to Defendant Flushing Township's right as an employer to layoff police officers, when required to do so for economic reasons, according to seniority.

17.   Defendant Flushing Township terminated Plaintiff's employment for bona fide economic reasons, which it was entitled to do under the law.

18.   Defendants reserve the right to amend or supplement this list of affirmative defenses.

GARAN LUCOW MILLER, P.C.

Dated: 3/12/10

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
810-695-3700

14

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on **March 12, 2010**.

Delivery by:
☒ U.S. Mail               ☐ Facsimile
☐ Hand Delivery           ☐ E-mail
☐ UPS Overnight           ☐ E-File (ECF)

MELISSA SMEARMAN, Notary Public
Genesee County, Michigan
Acting in the County of Genesee
My commission expires: 1/30/2013

15

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

BILL BAUGHMAN,

   Plaintiff,

v.

FLUSHING TOWNSHIP, MIKE
GARDNER, SCOTT MINAUDO,
WILLIAM NOECKER and MARK
PURKEY, Jointly and Severally,

   Defendants.

CASE NO: 10-93057-CD

JUDGE GEOFFREY NEITHERCUT P25466

---

DEAN T. YEOTIS P41290
CHRISTINE WASSERMAN RATHE P53656
NANCY K. CHINONIS P73150
Law Offices of Dean T. Yeotis
Attorneys for Plaintiff
611 W. Court Street
Flint, Michigan 48503
(810) 767-6100

MICHAEL W. EDMUNDS P55748
Garan Lucow Miller, P.C.
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

---

**NOTICE OF APPEARANCE**

## NOTICE OF APPEARANCE

TO: THE CLERK OF THE COURT and DEAN YEOTIS:

PLEASE TAKE NOTICE that I appear on behalf of all Defendants in this lawsuit.

GARAN LUCOW MILLER, P.C.

Dated: 2/18/10

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument
was served upon all parties to the above cause to each of the
attorneys of record herein at their respective addresses as directed
on the pleadings on *February 18, 2010*.

Delivery by:
- [X] U.S. Mail
- [ ] Hand Delivery
- [ ] UPS Overnight
- [ ] Facsimile
- [ ] E-mail
- [ ] E-File (ECF)

MELISSA SMEARMAN, Notary Public
Genesee County, Michigan
Acting in the County of Genesee
My commission expires: 1/30/2013

Case 2:10-cv-11179-VAR-DAS ECF No. 1, PageID.37 Filed 03/24/10 Page 37 of 42
From:Charter Township of Flus    ng    8106594212    02/1  1010 10:50    #319 P.002/007

02/16/2010  11:29    8107676415    DEAN YEOTIS LAW    PAGE  02/07

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

BILL BAUGHMAN,

    Plaintiff,

-vs-

FLUSHING TOWNSHIP, MIKE GARDNER,
SCOTT MINARDO, WILLIAM NOECKER AND
MARK PURKEY, Jointly and Severally,

    Defendants.

CASE NO. 10- 10 - 93057 -CD

HON. GEOFFREY L. NEITHERCUT
       P-25466



LAW OFFICES OF DEAN T. YEOTIS
DEAN T. YEOTIS (P41290)
CRISTINE WASSERMAN RATHE (P53656)
NANCY K. CHINONIS (P73150)
Attorneys for Plaintiff
611 W. Court Street
Flint, MI 48503
(810) 767-6100

LAW OFFICES
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-8415

### COMPLAINT AND JURY DEMAND

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

Plaintiff Bill Baughman, by his attorneys, the LAW OFFICES OF DEAN T. YEOTIS, complains of Defendants as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff is a resident of the County of Genesee, State of Michigan.

2.    Defendant, Flushing Township, is a municipal corporation located in the County of Genesee, State of Michigan.

3.     Defendants, Mike Gardner, Scott Minardo, William Noecker and Mark Purkey are all members of the Flushing Township Board of Trustees and are residents of the County of Genesee in the State of Michigan.

4.     The claims which Plaintiff asserts in this case are:

    a) Violation of the Michigan Whistleblowers' Protection Act against all Defendants; and

    b) a 42 USC §1983 First Amendment claim against all Defendants.

5.     The amount in controversy in this case exceeds twenty-five thousand dollars ($25,000).

6.     This Court has subject matter jurisdiction over this case based on the general subject matter jurisdiction provision of the Revised Judicature Act, MCL 600.605.

7.     This is a Court of proper venue for this action under MCR 600.1621 because this is the Court in the County in which Plaintiff resides.

### GENERAL ALLEGATIONS

8.     Plaintiff Bill Baughman was a Flushing Township Police Officer who began his employment with Defendant Flushing Township in April of 1996.

9.     Plaintiff's employment with Defendant Flushing Township was terminated on or about November 13, 2009.

10.    During the entire tenure of his employment at Flushing Township, Plaintiff was an excellent employee.

11.    In 2008, the Plaintiff participated in the recall election campaigns of the individual Defendant board members in this case.

12.    Plaintiff's participation in the recall efforts identified in paragraph twelve

LAW OFFICES
DEAN T. YEOTIS
511 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

2

included Plaintiff gathering petition signatures, distributing materials door to door, distributing yard signs and raising funds.

13.    Previous to 2008, Plaintiff worked on the political campaigns of opponents of the individual Defendant board members in this case.

14.    In the latter stages of his employment, the Plaintiff publicly criticized the individual Defendant board members for the way they conducted themselves.

15.    During his employment at Defendant Flushing Township Plaintiff observed certain employment related practices and some non-employment related practices that Defendants engaged in that Plaintiff reasonably and in good faith believe were violations of Michigan state law and/or regulations.

16.    During the latter stages of his employment, Plaintiff reported suspected violations of Michigan state law and/or regulations to a public body.

17.    On July 15, 2009 Officer Bill Baughman received notice that he was to be "laid off" effective July 31, 2009.

18.    On November 5, 2009 Flushing Township Supervisor Don Schwieman reinstated Officer Bill Baughman to his previous full-time employment.

19.    On November 13, 2009 the Flushing Township Board of Trustees voted 4-3 not to honor the decision of Township Supervisor Don Schwieman to reinstate Bill Baughman to full employment which resulted in his termination which has continued until the present time.

20.    Plaintiff was terminated from Defendant Flushing Township on or about November 13, 2009 because he reported suspected violations of Michigan state law and/or regulations to a public body.

LAW OFFICES
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

3

21.    In 2008 Plaintiff participated in a recall campaign against Defendants Gardner, Minardo, Noecker and Purkey.  Through this process Plaintiff expressed his disagreement with certain aspects of Defendants' conduct concerning matters of legitimate public concern.

22.    As a result of Plaintiff expressing himself regarding these matters of legitimate public concern, all Defendants took adverse action against Plaintiff in the terms and conditions of his employment at Flushing Township including "laying him off" and terminating him on or about November 13, 2009.

23.    All Defendants took adverse action against Plaintiff in the terms and conditions of his employment including laying him off and terminating him based on Plaintiff's participation in their recall campaign against Defendants Gardner, Minardo, Noecker and Purkey.

24.    Based on Defendant's wrongful acts, Plaintiff has suffered past and future economic damages as well as post and future emotional distress damages.  Plaintiff also seeks a statutory attorney fee award.  Plaintiff also seeks punitive damages against the individual Defendants in this matter.

## COUNT I
## VIOLATION OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT
## AGAINST ALL DEFENDANTS

25.    Plaintiff incorporates by reference paragraphs 1 through 24 above.

26.    During the latter stages of his employment, Plaintiff reported suspected violations of Michigan state law and/or regulations to a public body.

27.    Defendant discharged Plaintiff, in substantial part, because Plaintiff reported Defendants' actions to a public body for suspected violations of the law.

LAW OFFICES
DEAN T. YEOTIS
811 W. Court Street
Flint, MI 48503
(810) 767-8100
Fax (810) 767-6415

4

Case 2:10-cv-11179-VAR-DAS   ECF No. 1, PageID.41   Filed 03/24/10   Page 41 of 42
From:Charter Township of Flushing      8106594212      02/1  2010 10:51   #319 P.006/007

02/16/2010  11:29   8107676415      DEAN YEOTIS LAW      PAGE  06/07


28. Therefore, all Defendants violated the Michigan Whistleblower Protection Act.

### COUNT II
### 42 USC §1983 FIRST AMENDMENT CLAIM AGAINST ALL DEFENDANTS

29. Plaintiff incorporates by reference paragraphs 1 through 28 above.

30. Defendant Flushing Township was Plaintiff's employer from April of 1996 until November 13, 2009.

31. Plaintiff participated in a recall campaign against Defendants Gardner, Minardo, Noecker and Purkey in 2008 expressing his disagreement with certain aspects of Defendants' conduct concerning matters of legitimate public concern.

32. In the latter stages of his employment, the Plaintiff publicly criticized the individual Defendants for their conduct.

33. All Defendants took adverse action against Plaintiff in the terms and conditions of his employment at Flushing Township by "laying him off" and eventually terminating him on or about November 13, 2009 due to his expression of disagreement of certain matters of legitimate public concern.

34. All Defendants took adverse action against Plaintiff in the terms and conditions of his employment including laying him off and terminating him based on Plaintiff's participation in their recall campaign against Defendants Gardner, Minardo, Noecker and Purkey.

35. Accordingly, Plaintiff asserts a First Amendment claim against all Defendants based on Plaintiff's retaliatory termination.


LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-8100
Fax (810) 767-0415

## CONCLUSION

Plaintiff seeks judgment against both Defendants for damages exceeding Twenty Five Thousand Dollars ($25,000) together with costs, interest and attorneys fees pursuant to statute.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this case pursuant to 2.508(B) of the Michigan Court Rules.

Respectfully submitted,

LAW OFFICES OF DEAN T. YEOTIS

Dated: February 10, 2010.

DEAN T. YEOTIS (P41290)
CRISTINE WASSERMAN RATHE (P53656)
NANCY K. CHINONIS (P73150)
Attorneys for Plaintiff

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 787-6100
Fax (810) 787-6415

6